IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDWIN MONTERO-RIVERA,<br><br>**Plaintiff**<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 08-2331 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendants the Commonwealth of Puerto Rico ("Commonwealth"), the Department of Corrections and Rehabilitation ("Corrections"), and Miguel Pereira-Castillo (collectively known as "Defendants") Motion to Dismiss (Docket No. 12). For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

**FACTUAL AND PROCEDURAL BACKGROUND**

On November 25, 2008, Plaintiff Edwin Montero-Rivera ("Plaintiff"), an inmate in the Commonwealth of Puerto Rico's prison system, filed the present suit alleging that his civil rights were violated. (Docket No. 3). Defendants move to dismiss the present complaint. Among other things, Defendants allege that Plaintiff has not exhausted administrative remedies and, as such, his claims should be dismissed. (Docket No. 22). (Docket No. 12).

Civil No. 08-2331 (JAG)                                                   2

Plaintiff did not oppose Defendants' request for dismissal.

## STANDARD OF REVIEW

A. <u>Motion to Dismiss Standard.</u>

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 559). The court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. <u>See</u> <u>Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). <u>Twombly</u> does not require heightened fact pleading of specifics; however, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50. The First Circuit has recently relied on these two principles as outlined by the Court. <u>See</u> <u>Maldonado v. Fontanes</u>, No. 08-2211, 2009 WL 1547737,

Civil No. 08-2331 (JAG)                                                    3

at *3 (1st Cir. June 4, 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Id. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation". Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires that a prisoner exhaust any available administrative remedies before filing suit. The PLRA provides in pertinent part that "[n]o action shall be brought with respect to prison

Civil No. 08-2331 (JAG)                                                          4

conditions under section 1983 . . . or any other Federal law, by a prisoner confined in jail, prison, or any other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of remedies is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002).

As mentioned above, Plaintiff is an inmate in the Commonwealth of Puerto Rico's prison system. Defendants have attested to the fact that Plaintiff did not exhaust administrative remedies as required by the PLRA. Plaintiff has failed to provide any evidence or claim that said case has been dismissed.

Defendants' Motion to Dismiss was filed on July 31, 2009. Plaintiff has been given ample time to respond to Defendants' assertion that he did not exhaust administrative remedies and he has not done so. Therefore, this Court shall dismiss all of Plaintiff's claims without prejudice for failing to exhaust administrative remedies.

## CONCLUSION

For the reasons stated above, this Court hereby **GRANTS** Defendants' motion to dismiss. (Docket Nos. 16, 19). All of Plaintiff's claims shall be dismissed without prejudice. Judgment shall be entered dismissing the present case.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 4th day of February, 2010.

                                        S/Jay A. Garcia-Gregory
                                        JAY A. GARCIA-GREGORY
                                        United States District Judge

Civil No. 08-2331 (JAG)                                                                 5